JOHN PURDIE *et ux. versus* JOSEPH WHITNEY *et al.*

Devise of real estate to a trustee, his heirs and representatives, in trust to invest and re-invest the same from time to time in stocks or other safe securities, and the income thereof, together with 200 dollars annually of the principal, to pay over to the testator's daughter during her life, and after her decease to pay and transfer the whole of the trust fund to her children. *Held*, that, by necessary implication, the trustee had power to sell the real estate discharged of the trust.

BILL in equity. The bill alleges, that John Pratt, the father of Eleanor Purdie, one of the complainants, by his will, devised and bequeathed the "residue" of his property, both real and personal, to his children, to be equally divided between them ; that by a codicil, all that portion of his estate which in his will was devised or bequeathed to his daughter Eleanor, he devised and bequeathed to his son George Pratt, one of the defendants, "his heirs and representatives, in trust," as follows : — "If my said daughter Eleanor survives me, her said husband being alive, to invest and re-invest the same in stocks, or such other safe securities as the said trustee may from time to time deem beneficial, and the income thereof, together with two hundred dollars annually of the principal, to pay over to my said daughter Eleanor for and during her natural life, taking her sole receipt therefor sepa-rate from her said husband ; and from and after the decease

of my said daughter Eleanor, to pay and transfer the whole of said trust fund to her children and grandchildren, if any, otherwise to her brothers and sisters and their heirs ; provided, however, that if my said daughter Eleanor shall survive her said husband, then and in that event to pay over and trans- fer said trust fund to her for her sole use ; " that George Pratt declined to accept the trust, and thereupon Whitney, the other defendant, was appointed trustee in his stead ; that one of the parcels of real estate devised was a messuage in Charlestown, an undivided interest in which vested in Whit- ney as such trustee for the benefit of Eleanor Purdie ; that by the true construction of the will, the trustee was bound to hold, manage, lease and improve such estate, and pay over the income thereof, to Eleanor, during her life, and in case of her surviving her husband, to convey the same to her in fee ; and that the trustee, in violation of the trust, sold such undivided interest to George Pratt in fee simple ; and the bill prays that George Pratt may be compelled to recon- vey, and account for the intermediate rents and issues.

The defendants answer, that all the devisees except George Pratt, to whom a portion of the same messuage had been devised in trust for one Susan Thompson, came to the con- clusion that it would be clearly for their interest to sell their shares in the messuage to George Pratt as trustee, at the rate of $4000 for the whole messuage ; that Whitney did, with the other devisees, sell and convey their shares to George Pratt, and that Whitney has invested the proceeds of the undivided portion so by him conveyed, in safe securities, in trust to dispose of the income and principal thereof as directed in the will and codicil.

The case was submitted to the decision of the Court, with- out argument.

*Bartlett*, for the plaintiffs.

*Cooke*, for the defendants.

SHAW C. J. delivered the opinion of the Court. This case comes before us on the bill and answer. The question is, whether the conveyance made by Whitney, as a trustee under the will of John Pratt, was well made, under the power vested in him as trustee.

This is not to be regarded as a mere naked power. On the contrary, the estate is devised to George Pratt, in fee, but upon certain trusts specified in the will, and the question is whether it is within the scope of those trusts to alienate any of the real estate. This is not a mere trust to hold for the benefit of the *cestui que trust*, or to permit her to occupy or dispose of otherwise ; but it is an active trust, to hold the estate and apply the income and principal in certain modes stated. Among other things, all that part of his estate formerly given to his daughter Eleanor, the plaintiff, he now gives to his son in trust, to invest and re-invest in stocks or safe securities, and the income thereof, with $200 of the principal, to pay annually. Now this carries an implication strictly necessary, that the real estate may be sold, because in no other mode can it be invested in stocks. Besides, suppose there is not personal estate enough to pay over $200 annually in money, still it is to be paid in money ; but the trustee can be enabled to pay money only by the means of a sale. This shows then, that he has a power to sell, and having such power there is nothing to limit it, but that sound judgment and discretion and that good faith, which are the foundations upon which such trusts are created.

The Court are of opinion, that the trustee had power to make the sale set forth in the bill, that the estate well passed by it discharged of the trust, and that the defendant Pratt took a good title discharged of the trust.

*Decree accordingly.*